UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NAOMI KASTANAS,<br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br>    Defendant | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Costco Wholesale Corporation ("Defendant") hereby gives notice of the removal of this action that is currently pending in the Superior Court of New Hampshire in Hillsborough County, Southern District, captioned <u>Naomi Kastanas v. Costco Wholesale Corporation</u>, Civil Action No.: 226-2020-CV-00336, to the United States District Court for the District of New Hampshire. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interests and costs. <u>See</u> 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about July 21, 2020, Plaintiff Naomi Kastanas ("Plaintiff") filed a complaint in the New Hampshire Superior Court for Hillsborough County, Southern District, naming Costco Wholesale Corporation as defendant.  See Pl.'s Compl.

3. Plaintiff alleges that she sustained serious personal injuries including to her left shoulder, left side of her neck, left hip, and left leg due to a fall at Defendant's premises.  See id. at ¶ 18.

## TIMELINESS OF REMOVAL

4. Defendant was served with Plaintiff's Complaint on or about July 30, 2020.

5. This Notice of Removal is timely because it is filed within 30 days from the date that Defendant was served with the complaint.  See 28 U.S.C. § 1446(b)(2).

## DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different state than Plaintiff.  See 28 U.S.C. § 1332(a).

7. Plaintiff alleges that she is an individual residing in the Commonwealth of Massachusetts.  Plaintiff is therefore a citizen of Massachusetts for diversity purposes.

8. At the time of the filing of the Complaint, Defendant Costco Wholesale Corporation was, and currently is, a corporation formed under the laws of Washington with its principal place of business at 999 Lake Drive, Issaquah, WA 98027.  Defendant Costco Wholesale Corporation is therefore not a citizen of Massachusetts for diversity purposes.

9. There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the Commonwealth of Massachusetts and Defendant is not a citizen of the Commonwealth of Massachusetts.  See 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY**

10. Plaintiff's alleged injuries create a reasonable expectation that the amount in controversy will exceed the minimum of $75,000 required for diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

11. Plaintiff alleges that her injuries include a fractured left shoulder that required surgery on August 26, 2017.  See Exhibit 1.  Plaintiff's itemized medical expenses totaled $30,656.92 as of October 18, 2018, although the balance of Plaintiff's medical expenses and continued treatment is unknown at this time.  See Exhibit 2.

12. Juries in New Hampshire frequently award well over $75,000 in cases involving a fractured shoulder or similar shoulder injury.  See Exhibit 3 (collected cases): Mordaunt v. Rodriguez (N.H. Super., 2010; JVR No. 1403310064) (jury awarded $97,200 – over $115,000 in 2020 dollars – in a case involving fractured scapula); McKinnon v. Silver Bow Communications, Inc. (Unknown State Ct. (N.H.), 2002; JVR No. 430595) (jury awarded $87,500 – over $127,000 in 2020 dollars – in case involving torn rotator cuff); Presby v. State Farm (N.H. Super, 1996; JVR No. 177963) (arbitration award of $95,000 – over $185,000 in 2020 dollars – in a case involving fractured shoulder); Richard v. Bradford (N.H. Super., 1996; JVR No. 174863) (case involving shoulder impingement requiring surgery settled for $78,000 – over $130,000 in 2020 dollars).

13. Moreover, Plaintiff herself contends that her damages are in excess of $75,000.  By email dated August 5, 2020, Plaintiff's counsel wrote, in pertinent part: "My client does not agree that her damages are less than $75,000[,]" thus demonstrating Plaintiff's contention that her damages are more than $75,000. See Exhibit 4; see also Exhibit 5 (collected cases): Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658 at *6 (D.R.I.

Jan. 8, 2014) (plaintiff's refusal to stipulate to damages of $75,000 or less prior to removal is "some evidence tipping the scale in favor of federal jurisdiction."); <u>Jones v. Home Depot USA, Inc.</u>, C.A. No. 12-12202, 2013 WL 1282356 at *1 (D. Mass. March 29, 2013).

14. Therefore, Plaintiff's alleged injuries create a reasonable expectation that the amount in controversy will exceed the jurisdictional minimum of $75,000.

## **ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

15. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

16. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of New Hampshire, as the Complaint in this action was filed in the Superior Court of New Hampshire, Hillsborough County, Southern District.

17. Defendant will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the New Hampshire Superior Court for Hillsborough County, Southern District, as required by 28 U.S.C. § 1446(d).

18. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure or applicable law.

19. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Costco Wholesale Corporation respectfully requests that this action proceed in the United States District Court for the District of New Hampshire, as an action properly removed from state court.

                                      Respectfully Submitted,
                                      Defendant,
                                      COSTCO WHOLESALE CORPORATION
                                      By its attorneys,

                                      */s/ Matthew J. Lynch*
                                      Christopher G. Betke, NH Bar No. 18510
                                      Matthew J. Lynch, NH Bar No. 21184
                                      Coughlin Betke LLP
                                      175 Federal Street
                                      Boston, MA 02110
                                      (617) 988-8050
                                      cbetke@coughlinbetke.com
                                      mlynch@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Matthew J. Lynch, do hereby certify that on this 13th day of August 2020, I filed a copy of the within documents via the ECF system and served a copy of same to all counsel of record via email to:

Neil B. Nicholson, Esq.
Nicholson Law Firm, PLLC
P.O. Box 4137
Concord, NH 03301
niel@nicholson-lawfirm.com

                                      *Matthew J. Lynch*
                                      Matthew J. Lynch