Filed
File Date: 7/21/2020 8:49 AM
Hillsborough Superior Court Southern District
E-Filed Document

## STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**  **SUPERIOR COURT**
**SOUTHERN DISTRICT**
226-2020-CV-00336

Naomi Kastanas
261 Pawtucket Blvd.
Tyngsboro, MA 01879

v.

Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027-5367

### COMPLAINT
### JURY TRIAL DEMANDED

NOW COMES the Plaintiff, Naomi Kastanas, by and through her attorneys, Nicholson Law Firm, PLLC, and hereby states and complains against the Defendant, Costco Wholesale Corporation, as follows:

### INTRODUCTION

1. This is a tort action against Costco Wholesale Corporation (hereinafter "Defendant") arising out of a trip and fall incident at the Costco Wholesale warehouse, located at 311 Daniel Webster Highway, Nashua, New Hampshire, which caused injuries to the Plaintiff, Naomi Kastanas ("Naomi").

### PARTIES

2. The Plaintiff Naomi Kastanas is a Massachusetts resident residing at 261 Pawtucket Blvd, Tyngsboro, MA 01879.

3. Defendant Costco Wholesale Corporation ("Costco") is a foreign corporation with a principal office at 999 Lake Drive, Issaquah, Washington, 98027. Costco operates under the trade name of Costco Wholesale and owns the real estate located at 311 Daniel Webster Hwy, Nashua, New Hampshire.

This is a Service Document For Case: 226-2020-CV-00336
Hillsborough Superior Court Southern District
7/22/2020 11:28 AM

## JURISDICTION AND VENUE

4. Jurisdiction is properly with the Superior Court pursuant to RSA 491:7.

5. Venue is properly with Hillsborough County pursuant to RSA 507:9.

## STATEMENT OF FACTS

6. At all times relevant to the Complaint, Costco owned, occupied and maintained the real estate and buildings, including its common areas, located at 311 Daniel Webster Highway in Nashua, New Hampshire (the "Premises").

7. Costco operates the Premises as a membership warehouse club, and sells brand-name merchandise and food products to its members.

8. On or about August 25, 2017, Naomi was legally on the Premises to shop at Costco.

9. Naomi is a Costco member and has been for many years.

10. Costco's entrance from the paved vehicle parking area and into the store includes two sets of automatic sliding doors (an entrance and an exit), two bays of warehouse style doors, and an open area underneath an overhang.

11. A member, guest or invitee may enter Costco using the automatic sliding doors in the front of the building.

12. Alternatively, access is gained by walking underneath the overhang and through a separate set of doors that is behind the two large warehouse style doors and perpendicular to the automatic sliding entrance at the front of the building. (See Picture Below).



13. On August 25, 2017, Costco had its two large warehouse style doors in the up position, which allowed patrons to walk on a concrete walkway over the warehouse style door threshold and through the perpendicular automatic sliding doors that cannot be seen in the picture in the previous paragraph (the "Walkway").

14. This Walkway leading into the entrance of the Premises was dangerous and unsafe.

15. The Walkway had unreasonably sized cracks and a hidden rise at the surface.

16. The Walkway had loose concrete or rocks and broken cement, concrete or pavement.

17. Naomi used the Walkway and attempted to walk through the large warehouse style door in an effort to access a shopping carriage and enter the Premises on August 25, 2017.

18. Naomi tripped and fell on the unsafe Walkway and sustained severe personal injuries to her left side, especially her left shoulder, left side of her beck, left hip and left leg.

## COUNT I: NEGLIGENCE

19. The facts and information contained in the preceding paragraphs are incorporated as if fully set forth herein.

20. Costco had a duty to reasonably maintain, treat, repair and inspect its Premises, including the Walkway, to allow for the safe passage of its members, invitees and customers into the Premises.

21. Costco had a duty to warn its members, invitees and customers of any dangerous conditions that it knew or should have known about that existed concerning the Walkway and had a duty to take reasonable precautions to protect Naomi against reasonably foreseeable dangers arising out of the use of the Premises, including the Walkway.

22. Costco negligently maintained the Premises by allowing the Walkway to deteriorate and crumble, fall into disrepair and otherwise exist in an unreasonably unsafe and dangerous condition for its invitees, members and customers.

23. Defendant negligently failed to inspect the Walkway and it knew, or in the exercise of reasonable care, should have known that such deterioration or construction of the Walkway created an unreasonable hazard that created unreasonable risk that its customers, members and invitees would trip and fall because of the Walkway's unsafe condition.

24. Defendant negligently failed to warn Naomi of the unsafe and dangerous Walkway when it knew, or in the exercise of reasonable care, should have known that it existed.

25. As a direct and proximate result of the negligence of the Defendant, as stated above, Naomi tripped, fell and sustained serious personal injuries to which she has suffered and continues to suffer pain and suffering, emotional distress, permanent disability, inability to provide physical caregiving, and loss of enjoyment of life, and has incurred other damages, which are in an amount within the jurisdictional limits of this Court.

### JURY DEMAND

26. Naomi asserts her right to a jury trial.

**WHEREFORE**, Naomi demands judgment against the Defendant and prays for the following relief:

A. Award Naomi an amount of compensatory damages against Defendant in an amount subject to proof;

B. Award against Defendant both pre-judgment and post-judgment interest;

C. Award against Defendant the other costs and fees allowed by law; and,

D. Grant any further relief the Court deems just and proper.

Respectfully Submitted,

Naomi Kastanas

By and through her attorneys,

Nicholson Law Firm, PLLC

July 21, 2020

*/s/ Neil B. Nicholson*

Neil B. Nicholson, Esq.
Nicholson Law Firm, PLLC
NH Bar No. 18341
P.O. Box 4137
Concord, NH 03301
(603) 856-8441
neil@nicholson-lawfirm.com